RECORD NO. 10-4232

In The

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## CHRISTOPHER DEWONE GRAY,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

———————————

## BRIEF OF APPELLANT

———————————

**Claire J. Rauscher**
**Executive Director**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**

**\*Ann L. Hester**
**Assistant Federal Defender**
**Erin K. Taylor**
**Research and Writing Attorne**y
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina 28202**
**(704) 374-0720**

*Counsel for Appellant*
*\*Counsel of Record*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     I.     The Alleged Violations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     II.    Final Supervised Release Revocation Hearing . . . . . . . . . . . . . . . . 3

          A.    The Government's Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          B.    Counsel's Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

          C.    District Court's Ruling and Sentence . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     I.     The District Court Abused Its Discretion in Finding that Gray Committed the Grade A Violation of Possessing Cocaine with the Intent to Distribute as Alleged in Count 1 of the Addendum to the Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

          A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

          B.    Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

i

II.   The District Court's 30-Month Sentence Is Plainly
      Unreasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      A.    Standard of Review  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      B.    Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

            1.    The District Court's Sentence Is Plainly
                  Unreasonable, Because it Is Based on a Policy
                  Statement Sentencing Range Derived from Clearly
                  Erroneous Findings of Fact . . . . . . . . . . . . . . . . . . . . . 15

            2.    The District Court's Sentence Is Plainly
                  Unreasonable, Because the Court Failed to Respond
                  to Gray's Arguments and Failed to Explain its
                  Sentence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

            3.    The District Court's Sentence Is Plainly
                  Unreasonable, Because the Court Failed to Treat the
                  Chapter 7 Policy Statements as Advisory  . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

ii

<u>**TABLE OF AUTHORITIES**</u>

**<u>Page(s)</u>**

<u>**CASES**</u>

*Anderson v. Bessemer City*,
    470 U.S. 564 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gall v. United States*,
    128 S. Ct. 586 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18

*James v. Jacobson*,
    6 F.3d 233 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rita v. United States*,
    127 S. Ct. 2456 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*State v. Morgan*,
    329 N.C. 654, 406 S.E.2d 833 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*State v. Nettles*,
    170 N.C. App. 100, 612 S.E.2d 172 (2005) . . . . . . . . . . . . . . . . . . 10, 11, 12

*United States v. Allen*,
    446 F.3d 522 (4th Cir. 2006), *cert. denied*,
    128 S. Ct. 2525 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Bolds*,
    511 F.3d 568 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Booker*,
    543 U.S. 220 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13, 14, 17

*United States v. Bungar*,
    478 F.3d 540 (3d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

iii

*United States v. Copley*,
    978 F.2d 829 (4th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Crudup*,
    461 F.3d 433 (4th Cir. 2006), *cert. denied*,
    127 S. Ct. 1813 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13, 14

*United States v. Davis*,
    53 F.3d 638 (4th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Fleming*,
    397 F.3d 95 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Garnett*,
    243 F.3d 824 (4th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Miqbel*,
    444 F.3d 1173 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Osborne*,
    514 F.3d 377 (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Promise*,
    255 F.3d 150 (4th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Robinson*,
    101 F. App'x 389 (4th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Stevenson*,
    396 F.3d 538 (4th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Sweeting*,
    437 F.3d 1105 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Tedford*,
    405 F.3d 1159 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

iv

*United States v. Thompson*,
    595 F.3d 544 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*United States v. Tyson*,
    413 F.3d 824 (8th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. White*,
    405 F.3d 208 (4th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-18

## **STATUTES**

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3582 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3583 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3583(e)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

N.C. Gen Stat. § 90-95(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

N.C. Gen Stat. § 90-95(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## **RULE**

Fed. R. App. P. 34(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## **GUIDELINES**

U.S.S.G. § 7B1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

U.S.S.G. § 7B1.3(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

U.S.S.G. § 7B1.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATEMENT OF JURISDICTION

Jurisdiction is vested in the United States District Court for the Western District of North Carolina under 21 U.S.C. § 846, as well as 18 U.S.C. § 3231 and 18 U.S.C. § 3583. Written judgment was filed on February 17, 2010, and Gray timely filed notice of appeal on March 1, 2010. (JA 67, 72).

Jurisdiction of the Court of Appeals is founded upon 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

**I.      Whether the District Court Abused Its Discretion in Finding that Gray Committed the Grade A Violation of Possessing Cocaine with the Intent to Distribute as Alleged in Count 1 of the Addendum to the Petition.**

**II.     Whether the District Court's 30-Month Sentence Is Plainly Unreasonable.**

## STATEMENT OF THE CASE

On November 21, 2005, Christopher Gray was sentenced to a total of 78 months' imprisonment and six years of supervised release for possession with intent to distribute cocaine base and possession of a firearm during and in relation to a drug trafficking crime. (JA 11-15).  On March 24, 2008, Gray filed a motion to reduce his sentence under 18 U.S.C. § 3582.  That motion was granted by the district court on May 21, 2008.  (JA 16).  As a result, Gray's sentence was reduced to 75 months' imprisonment and six years of supervised release. *Id.*  Gray was released from prison and began his period of supervision on August 8, 2008.  (JA 74).

1

On July 28, 2009, Gray's probation officer filed a Petition for Warrant or Summons for Offender Under Supervision ("Petition") alleging that Gray violated three conditions of his supervised release. (JA 74-78). On August 13, 2009, the probation officer filed an Addendum to the Petition ("Addendum") alleging two additional violations. (JA 81). Gray denied the violations alleged in the Addendum, but the district court found that he violated four conditions of his supervised release, including one of the two violations alleged in the Addendum. (JA 67). The district court imposed a sentence of thirty months' imprisonment and an additional thirty months of supervised release. (JA 67-68). The court filed its written judgment on February 17, 2010, and Gray timely filed notice of appeal (JA 67, 72).

## STATEMENT OF THE FACTS

### I.    The Alleged Violations

On July 28, 2009, the United States Probation Office filed a Petition alleging that Gray had committed three technical violations of his supervised release. (JA 74-79). Violation 1 alleged that Gray had tested positive for marijuana use on six separate occasions, a Grade C violation. (JA 74). Violation 2 alleged that Gray failed to comply with drug treatment requirements, also a Grade C violation. (JA 75). Violation 3 alleged another Grade C violation of failure to comply with code-a-phone drug testing requirements. *Id.*

2

The probation officer filed an Addendum to the Petition on August 13, 2009, alleging two further violations relating to dismissed and resolved state charges stemming from an arrest on July 26, 2009. (JA 81-82). Violation 1 of the Addendum ("Addendum 1") stated that, on July 26, 2009, Gray had been charged with Possession with Intent to Sell and Deliver Cocaine, a Grade A violation. (JA 81). Violation 2 of the Addendum ("Addendum 2") stated that, on that same date, Gray had been charged with Possession with Intent to Sell and Deliver Marijuana, a Grade A violation. *Id.*

Based on the Policy Statement sentences set out in USSG § 7B1.4 and his federal criminal history category of III, Gray faced a sentencing range of 30 to 37 months for a Grade A violation, 8 to 14 months for a Grade B violation, and 5 to 11 months for a Grade C violation. USSG § 7B1.4 (2009).

## II.    <u>Final Supervised Release Revocation Hearing</u>

The district court held a revocation hearing on February 2, 2010. (JA 7). Gray admitted violations 1, 2 and 3 in the Petition, but denied all violations alleged in the Addendum. (JA 23-24, 67). The government presented the following evidence.

### A.    **The Government's Evidence**

Officer Hong Lang of the Charlotte-Mecklenburg Police Department testified that on July 26, 2009, he responded to a "call for service" to check on the welfare of

3

an individual. (JA 26). Upon arriving on the scene where the 911 call was made, Lang spoke to the person who made the call. *Id.* The 911 caller told Lang that she and Gray had smoked marijuana together at her house. *Id.* When they finished smoking, Gray left but he "didn't look right." *Id.* Officer Lang further testified that the 911 caller saw Gray drive a short distance down the street, turn into a driveway, and pass out behind the wheel of the car. *Id.* The 911 caller knocked on the window but was unable to wake Gray. *Id.* At that point, she called 911. *Id.*

After Lang spoke to the 911 caller, he approached the vehicle in which Gray was seated and knocked on the window a few times until Gray responded. *Id.* Lang testified that when Gray opened the door, Lang noticed a strong odor of marijuana. *Id.* Lang helped Gray out of the car and patted him down. During the pat-down search, Lang found some marijuana in Gray's pocket. Lang then detained Gray and searched the vehicle. (JA 26-27). Lang found a bag of marijuana in the center console, and he arrested Gray. (JA 27). Before Lang searched the vehicle, Gray had informed Lang that the car did not belong to him. *Id.* And Lang was later able to verify that the car belonged to someone named Trina Moore, not Gray. (JA 31).

Once he had arrested Gray, Lang searched him again. This time, Lang found 14 crack rocks in Gray's front pocket. *Id.* The total weight of the crack rocks was 3.1

grams. (JA 28). Lang did not search the 911 caller's house or charge her with any drug-related crimes. (JA 30-31).

### B.    Counsel's Arguments

The government argued that it had presented sufficient evidence of Gray's intent to sell and deliver cocaine, because the evidence showed that Gray had possessed 14 individual packets of crack cocaine, had never tested positive for cocaine, and had pled guilty to the North Carolina state offense of simple possession of cocaine. (JA 37-38). With regard to the violation alleged in Addendum 2, that Gray possessed with the intent to sell and deliver marijuana, the government argued that Gray constructively possessed the marijuana found in the vehicle because he was the sole occupant. (JA 38). The government did not argue that Gray intended to sell and deliver that marijuana. (JA 38-39).

Defense counsel argued that there was insufficient evidence to support a finding that Gray possessed any of the drugs with the intent to sell and deliver them. (JA 39). Defense counsel pointed out that the government failed to present evidence that is typically found in a drug distribution case, such as the presence of scales, cash, or other proof of drug transactions. (JA 40). Defense counsel further argued that the government could not rely on drug amount alone as proof of intent to sell and deliver

and that the evidence merely established that Gray was a severe drug abuser. (JA 39-40).

### C.     District Court's Ruling and Sentence

After hearing the evidence and arguments of counsel, the district court found that the government failed to prove by a preponderance of the evidence that Gray possessed with the intent to sell and deliver marijuana, as alleged in Addendum 2. (JA 20-21, 67). But the court found Gray guilty of the remaining violations. (JA 21, 67). In finding that Gray was not guilty of marijuana distribution, the court explained that Gray's presence in the vehicle while being "substantially intoxicated" was not sufficient to show that he was in actual or constructive possession of the marijuana found in the center console of the vehicle. (JA 41). Regarding the marijuana found in Gray's pocket, the court ruled that the government failed to present any evidence of the amount that was found in Gray's pocket. *Id.* Thus, due to the lack of evidence of the amount of marijuana that could be attributed to Gray coupled with the evidence of Gray's heavy drug use, the court held that the government failed to prove by a preponderance of the evidence that Gray possessed marijuana for the purpose of sale. (JA 41-42).

Next, the court explained its reasons for finding Gray guilty of possession with the intent to sell and deliver cocaine, the violation alleged in Addendum 2. The court

reasoned that there did not appear to be any evidence that Gray was using cocaine, and the way the crack cocaine was packaged suggested that Gray possessed the crack for the purpose of sale and delivery to others. (JA 42). It was on that basis alone that the court found Gray guilty of cocaine distribution. *Id.*

Because Addendum 2 was a Grade A violation, and because Gray's federal criminal history category under the Guidelines was III, the district court calculated a 30-37 month guideline range. (JA 44). The court then heard arguments from counsel regarding Gray's sentence. Defense counsel argued for a sentence below the policy statement range of 30-37 months, highlighting Gray's struggles with substance abuse, his compliance with substance abuse treatment, and his employment history. (JA 44-45). In addition, Defense counsel argued that the sentence Gray was already serving as a result of his state conviction arising from the conduct alleged in Addendum 1, plus a guideline-range sentence, would result in Gray's serving more than half the time he had served for the underlying conviction for which he was placed on supervised release. (JA 46-47). Defense Counsel also asked that Gray's federal sentence run concurrent with his state sentence. (JA 54).

The government, on the other hand, argued that the 30-37 month range was appropriate. (JA 48-49). The government also opposed a concurrent sentence arguing that the Chapter 7 policy statements indicated that the sentence should be

7

consecutive. (JA 54). The court ultimately revoked Gray's supervised release and sentenced him to 30 months' imprisonment, to run consecutive to his state sentence, and 30 months of supervised release. (JA 51-52, 54).

## SUMMARY OF ARGUMENT

The government failed to prove by a preponderance of the evidence that Gray committed the North Carolina offense of possession with intent to sell and deliver cocaine. Therefore, the district court clearly erred in concluding that there was sufficient evidence to support a finding that Gray possessed cocaine with the intent to distribute it, especially in light of the overwhelming evidence of Gray's drug abuse. Because of the district court's erroneous factual findings, it was an abuse of discretion for the court to find that Gray committed a Grade A violation of possession with intent to deliver cocaine as alleged in Count 1 of the Addendum to the Petition.

In addition, this Court should reconsider the "plainly unreasonable" standard of review for reviewing supervised release revocation sentences announced in *United States v. Crudup*, 461 F.3d 433 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 1813 (2007), and this Court should instead apply the same "reasonableness" standard of review that applies in all post-*Booker* sentences.

Even if this Court applies the "plainly unreasonable" standard of review, however, the district court's sentence is plainly, procedurally unreasonable because

the court used an incorrect policy statement sentencing range as the result of its clearly erroneous finding that Gray had possessed cocaine with the intent to distribute it; the court failed to adequately explain its sentence; and the court erroneously treated the policy statements in the Guidelines as mandatory.

## ARGUMENT

**I.    The District Court Abused Its Discretion in Finding that Gray Committed the Grade A Violation of Possessing Cocaine with the Intent to Distribute as Alleged in Count 1 of the Addendum to the Petition.**

### A.    Standard of Review

This Court reviews a district court's judgment revoking supervised release for abuse of discretion.  *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).  Any findings of fact made by the district court are reviewed for clear error.  *United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001).  When a court bases its exercise of discretion on erroneous factual findings, it abuses its discretion.  *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

### B.    Discussion

"A factual finding is clearly erroneous" when the Court is "'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Stevenson*, 396 F.3d 538 (4th Cir. 2005) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)).  A district court may revoke a defendant's term of supervised

9

release and sentence him to prison only if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Here, the government failed to prove by a preponderance of the evidence that Gray committed the North Carolina offense of Possession with Intent to Sell and Deliver Cocaine. Therefore, the district court made a mistake and clearly erred in finding that Gray violated a condition of supervised release by committing the Grade A offense alleged in Addendum 1.

The North Carolina offense of possession with intent to sell and deliver a controlled substance has three elements: (1) possession of a substance; (2) the substance must be a controlled substance; and (3) there must be intent to sell or distribute the controlled substance. N.C. Gen Stat. § 90-95(a)(1); *State v. Nettles*, 170 N.C. App. 100, 105, 612 S.E.2d 172, 175 (2005). The parties agreed that Gray was in possession of cocaine, a controlled substance, so intent was the only element of the offense that was disputed.

While "quantity of the controlled substance may suffice to support the inference of an intent to transfer, sell, or deliver, it must be a substantial amount." *Nettles*, 170 N.C. App. at 105 (quoting *State v. Morgan*, 329 N.C. 654, 659-60, 406 S.E.2d 833, 835-36 (1991)). In *State v. Morgan*, the North Carolina Supreme Court found that an ounce of cocaine, which is equivalent to just over 28 grams, was

10

sufficient to support the inference that the defendant intended to deliver or sell the cocaine. 329 N.C. at 660. That amount, the court found, was substantial in light of the amount that has been determined by the North Carolina General Assembly to constitute a drug trafficking offense. *Id.* *See* N.C. Gen. Stat. § 90-95(h)(3) (indicating that twenty-eight grams is the threshold for a cocaine trafficking offense). But when the quantity of the controlled substance in question is substantially less than the amount necessary to constitute a drug trafficking offense, an intent to sell or distribute cannot be inferred. *Nettles*, 170 N.C. App. at 106. In such a case, the prosecution must present either direct or circumstantial evidence of an intent to sell or distribute. *Id.* That evidence may include (1) the packaging, labeling, and storage of the controlled substance, (2) the defendant's activities, (3) the quantity found, and (4) the presence of cash or drug paraphernalia. *Id.*

In *Nettles*, the defendant was convicted by a jury of possession with intent to manufacture, sell or deliver cocaine. *Id.* at 101. The North Carolina Court of Appeals reversed the conviction because it found insufficient proof of intent to distribute the cocaine. In that case, the defendant possessed four to five rocks of crack cocaine which weighed 1.2 grams. *Id.* at 102. The defendant also possessed a safety pin that contained a residual amount of cocaine and $411 in cash. *Id.* The defendant explained that the money found was from his social security check. *Id.*

11

The court found that intent could not be inferred from the small amount of cocaine or from any of the other evidence presented in the case. *Id.* The cocaine was not packaged in a manner consistent with the sale of drugs, and there was no unexplained cash found. *Id.* at 107. Furthermore, the defendant's actions were not similar to actions of a drug dealer, and he had none of the drug paraphernalia typically used in the sale of drugs. *Id.* As a result, the court held that the evidence, even viewed in the light most favorable to the prosecution, indicated that the defendant was a drug user, not a drug seller. *Id. Cf. United States v. Robinson*, 101 F. App'x 389, 391 (4th Cir. 2004) (finding sufficient evidence of intent to distribute when defendant possessed scales in addition to 6.4 grams of marijuana).

Like *Nettles*, the evidence showed only that Gray was a drug user. Gray possessed only a small amount of crack cocaine—not enough to infer possession with intent to distribute it. While the crack rocks were packaged separately, the government's witness conceded that Gray likely purchased the cocaine in that fashion. (JA 35). The arresting officer also found Gray substantially intoxicated and passed out in a vehicle after Gray's friend called 911 asking for someone to check on Gray's welfare— further evidence that Gray was a severe drug abuser. (JA 26, 32). In addition, the government failed to produce any evidence of drug transactions, drug paraphernalia typically used in the sale of drugs, or cash that would indicate Gray was

12

anything more than a user. Absent evidence of Gray's intent to distribute the cocaine found in his pocket, and with the evidence of Gray's extensive and ongoing drug abuse, the district court clearly erred in finding that Gray possessed cocaine with the intent to sell and deliver it.

## II. The District Court's 30-Month Sentence Is Plainly Unreasonable.

### A. <u>Standard of Review</u>

This Court reviews sentences imposed upon revocation of supervised release to determine whether they are within the prescribed statutory range and are not "plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006). Under this standard of review, if the Court finds a revocation sentence to be unreasonable, it must then decide whether the sentence "is *plainly* unreasonable, relying on the definition of 'plain' that we use in our 'plain' error analysis." *Id.* at 439 (citations omitted). An error is plain "when settled law of the Supreme Court or this Circuit establishes that an error has occurred." *United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2001).

The *Crudup* standard of review conflicts with the standard of review of revocation sentences applied in other Courts of Appeal, and Gray respectfully asks the Court to reconsider its holding in *Crudup* and to adopt the *Booker* reasonableness standard of review for revocation sentences, a position which has now been adopted

13

by the majority of circuits. *See*, *e.g.*, *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005) (adopting reasonableness review for all non-Guidelines sentences); *United States v. Bungar*, 478 F.3d 540, 542 & n.1 (3d Cir. 2007) (joining "growing number of circuit courts" that have reached conclusion that standard of review is for reasonableness); *United States v. Bolds*, 511 F.3d 568, 574-75 & n.2 (6th Cir. 2007) (no practical difference between *Booker* "unreasonableness" review and "plainly unreasonable" standard); *United States v. Tyson*, 413 F.3d 824, 825 (8th Cir. 2005) (standard of review for revocation sentences is reasonableness); *United States v. Miqbel*, 444 F.3d 1173, 1176 & n.5 (9th Cir. 2006) (adopting reasonableness standard of review for revocation sentences); *United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005) (same); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006) (*Booker* reasonableness review is "essentially the same as the 'plainly unreasonable' standard").

## B. <u>Discussion</u>

Even if the *Crudup* standard of review is applied, Gray's sentence must be vacated. In sentencing Gray, the district court erred in three respects that resulted in Gray's receiving a plainly unreasonable sentence. First, the court used an incorrect policy statement sentencing range as the result of its clearly erroneous finding that Gray had possessed cocaine with the intent to distribute it. Second, the court failed

14

to adequately explain its sentence.  And finally, the court erroneously treated the policy statements in the Guidelines as mandatory.

### 1. The District Court's Sentence Is Plainly Unreasonable, Because it Is Based on a Policy Statement Sentencing Range Derived from Clearly Erroneous Findings of Fact.

Improperly calculating the Guidelines range is a significant procedural error. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).   All sentencing proceedings must begin with a correct calculation of the applicable Guidelines range.  *Id.* at 596 (citing *Rita v. United States*, 127 S. Ct. 2456 (2007)).   And "[i]n assessing whether a sentencing court properly applied the Guidelines, '[this Court reviews] the court's factual findings for clear error and its legal conclusions *de novo*.'" *United States v. Osborne*, 514 F.3d 377, 387 (4th Cir. 2008) (quoting *United States v. Allen*, 446 F.3d 522, 527 (4th Cir. 2006), *cert. denied*, 128 S. Ct. 2525 (2008)).

As discussed in Issue I, the district court's finding that Gray committed the Grade A violation alleged in Count 1 of the Addendum to the Petition was clearly erroneous, because the evidence did not support an inference that Gray possessed cocaine for the purpose of distributing it.  Rather, the overwhelming evidence showed that Gray possessed the drugs for his own use, that he had a serious substance abuse problem, and that he was on a drug binge when he was found with a user amount of crack cocaine in his pocket.  Absent the court's clearly erroneous finding, Gray would

15

have been subject to punishment only for Grade C violations, which would have subjected him to a sentencing range of 5-11 months. The district court's 30-month sentence, based on the court's clearly erroneous findings of fact, was plainly unreasonable.

**2.    The District Court's Sentence Is Plainly Unreasonable, Because the Court Failed to Respond to Gray's Arguments and Failed to Explain its Sentence.**

Next, the court failed to adequately explain its sentence after defense counsel argued for a sentence lower than the policy statement guideline range. A district court's failure to offer an adequate explanation for the sentence imposed after revocation of a defendant's supervised release is plainly unreasonable. *United States v. Thompson*, 595 F.3d 544, 548 (4th Cir. 2010). In *Thompson*, the district court revoked defendant's supervise release and sentenced him to a term of imprisonment within the Chapter 7 policy statement guidelines. *Id.* at 545. But this Court vacated the sentence because the defendant had argued for a lower sentence before the district court, and the district court failed to adequately explain its sentence and offered no indication that it considered the defendant's argument. *Id.* at 547. This Court concluded that the "district court's failure to provide any reason for its sentence contravened clear circuit precedent and was, therefore, plainly unreasonable. *Id.*

16

The court's failure to explain the sentence in *Thompson* was a "significant procedural error." *Id*. And the district court's omission in this case is just as serious as the omission in *Thompson*. Here, just like in *Thompson*, the court failed to address counsel's argument for a sentence below the Chapter 7 policy statement guideline range. After hearing arguments from counsel, the court simply pronounced judgment, sentencing Gray to 30 months' imprisonment. The court did not give any explanation for this sentence. Under *Thompson*, this Court should vacate Gray's sentence, because the district court's failure to consider Gray's arguments and explain its sentence renders Gray's sentence "plainly unreasonable."

### 3. The District Court's Sentence Is Plainly Unreasonable, Because the Court Failed to Treat the Chapter 7 Policy Statements as Advisory.

Finally, the court failed to treat the Chapter 7 policy statements as advisory, another significant procedural error. Revocation sentences are governed by *non-binding* policy statements in Chapter 7 of the Sentencing Guidelines Manual. USSG Ch. 7, Pt. 1, intro. comment. (2009); *see also United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995) ( Chapter 7 policy statements provide helpful assistance to the courts in sentencing, but are not mandatory). Furthermore, after *United States v. Booker*, 543 U.S. 220 (2005), *all* of the provisions of the Guidelines Manual are advisory only, and treating them as mandatory constitutes plain error. *United States*

17

*v. White*, 405 F.3d 208, 217 (4th Cir. 2005); *see also Gall*, 552 U.S. at 51 (treating the Guidelines as mandatory is a significant procedural error).

Here, the government suggested to the court that § 7B1.3(f) *required* that any term of imprisonment imposed for supervised release revocation *must* be served consecutively to any sentence of imprisonment. (JA 54). Defense counsel pointed out that Chapter 7 is merely a policy statement and therefore is not binding. *Id*. The court treated the Chapter 7 policy statement as mandatory despite its advisory nature. In fact, the court stated that § 7B1.3 "seems to be drafted in such a way to imply that it's mandatory," and that the sentences "should be consecutive," because they are "for two different things." (JA 54-55). Treating the Chapter 7 policy statements as mandatory is contrary to established precedent and is therefore plainly unreasonable.

## CONCLUSION

For the reasons stated in this Brief, Mr. Gray respectfully requests that the judgment revoking his supervised release be vacated and his case be remanded for a new final supervised release hearing.

## REQUEST FOR ORAL ARGUMENT

Mr. Gray hereby requests oral argument under Federal Rule of Appellate Procedure 34(a).

18

This, the 20th day of May, 2010.

Claire J. Rauscher, Director
Federal Defenders of
Western North Carolina, Inc.

/s/ Ann L. Hester
*Ann Hester
Assistant Federal Defender
Erin K. Taylor
Research and Writing Attorney
129 West Trade Street
Suite 300
Charlotte, North Carolina 28202
(704) 374-0720
Counsel for Appellant
*Counsel of Record

19

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

      [ X ] this brief contains *4,220* words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

      [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      [ X ] this brief has been prepared in a proportionally spaced typeface using *Corel WordPerfect* in *14pt Times New Roman*; *or*

      [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>May 20, 2010          </u>       <u>/s/ Ann L. Hester          </u>
                                              *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 20th day of May, 2010, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE U.S. ATTORNEY
> United States Courthouse
> 100 Otis Street, Room 233
> Asheville, North Carolina  28801
> (828) 271-4661
>
> *Counsel for Appellee*

I further certify that on this 20th day of May, 2010, I caused the required number of bound copies of the foregoing Brief of Appellant to be hand-filed with the Clerk of this Court and for one copy of the same to be served, via UPS Ground Transportation, to all case participants, at the above listed address.

/s/ Ann L. Hester         
*Counsel for Appellant*
